# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ADAM GARBER, | : | CIVIL ACTION NO. |
| Gwinnett Cnty. ID # 99499879, | : | 1:16-CV-00020-AT |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SHERIFF BUTCH CONWAY, et al., | : | PRISONER CIVIL ACTION |
|     Defendants. | : | 42 U.S.C. § 1983 |

## ORDER

Now before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 12), which recommends dismissing this action — in part for Plaintiff's failure to state a claim and in part under Fed. R. Civ. P. 20 for his improper joinder of claims and defendants. Plaintiff has filed a pleading styled as a Reconsider Motion, Objections of R and R, and Amended Complaint. (Doc. 15).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings

and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Petitioner objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff, a pretrial detainee at the Gwinnett County Detention Center, previously filed three complaints in this action. In his original complaint, he claims violations based on his administrative confinement for three days after requesting a grievance form. (*See* R&R at 3-6). The Magistrate Judge thoroughly analyzed these claims and found them wanting (*id.* at 8-16), and Plaintiff does not object to those conclusions (*see generally* Doc. 15). The Court finds no error in the Magistrate Judge's analysis.

In his two amended complaints, Plaintiff seeks to add claims against additional Defendants not named, regarding events not discussed, in his original complaint. (*See* R&R at 6-8). Plaintiff complains about, among other things, his housing arrangements, and he alleges retaliation for exercising his First Amendment rights. (*See id.*). The Magistrate Judge also recommends dismissal of

these claims, inasmuch as Plaintiff

> may not use a single complaint to join his claim[s] against Deputies Southard, Suddeth and unknown classification deputies with his claims against Ricks, Campbell and the other Defendants named in his original complaint because these separate claims do not *both* (a) arise from "the same transaction, occurrence, or series of transactions or occurrences" *and* (b) involve a "question of law or fact common to all defendants."

(R&R at 16 *et seq.* (citing Fed. R. Civ. P. 20(a)(2)(A)-(B) and cases from this Circuit)). The Magistrate Judge recommends denying Plaintiff's motion for preliminary relief for the same reason, and also recommends denying Plaintiff's other pending motions. (R&R at 19-20). Again, Plaintiff does not object to these recommendations, and the Court finds no error in the Magistrate Judge's analysis.

In his objections-amended complaint, Plaintiff presents a new claim, not specifically related to any claim raised in his three previous complaints, alleging that since mid-2014 he often has been placed in disciplinary segregation, in violation of his constitutional due process rights. (Doc. 15 at 3-5). Plaintiff claims that he has a constitutionally protected liberty interest in remaining in the general population because the conditions in administrative segregation endanger his health and his very life, given his "history of blood clots." (*Id.* at 5-6). Plaintiff asserts that he has exhausted his administrative remedies with respect to this claim, and he seeks various forms of compensatory and prospective relief. (*Id.* at 6-8). Not once in Plaintiff's objections-amended complaint does he address the recommendations of

3

the Magistrate Judge that are now before the Court.

Therefore, finding no error, plain or otherwise, in the R&R, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 12) as the Order and Opinion of this Court and **DISMISSES** this action. Plaintiff's pending motions (Docs. 5, 9, 10, 14, 15) are **DENIED**.

**IT IS SO ORDERED** this 10th day of May, 2016.

_/s/ Amy Totenberg_
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)